**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPITAL INVESTMENT FUNDING, LLC, <br><br> Plaintiff, <br> v. <br><br> LANCASTER RESOURCES, INC., et al. <br><br> Defendants. | Civil Action No.: 8-4714 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff Capital Investment Funding LLC, (collectively, "Plaintiff")'s motion to impose a constructive trust (ECF No. 330) on $8.5 million Defendants Stuart Katz ("Katz") and Defendant Wiltshire Properties LLC (Wiltshire) recently received in a settlement. The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Plaintiff's motion.

### I. BACKGROUND[1]

Because the Court writes only for the parties, the Court assumes their familiarity with the facts and sets forth only those facts particularly relevant for deciding this motion. In this action,

---

[1] The facts as set forth are derived solely from Plaintiff's Brief in Support of Imposition of a Constructive Trust and Defendant's Opposition Brief.

1

Plaintiff seeks recovery in excess of $18 million it loaned to various New Jersey entities and individuals associated with a business venture originally known as Lancaster Resources, Inc. ("LRI"). (Pl. Br. at 3.) Katz was one of the initial shareholders of LRI, and a member of the initial Board of Directors for Plaintiff. (*Id.*) The funds loaned by Plaintiff to LRI or its affiliates were invested between approximately 2000 and 2007 in various real estate ventures in New Jersey. (*Id.*) As a result of the activities of the Defendants, all but one of the real estate assets in which Plaintiff-loaned funds were invested became insolvent. (*Id.*) Most of these real estate investments were owned by debtors in a previous Bankruptcy action. (*Id.*) The only known asset owned directly or indirectly by any of the LRI affiliates, in which Plaintiff-loaned funds were used, is a 33-acre parcel of undeveloped property in Ridgefield Park, New Jersey ("the Property"). (*Id.* at 4)

The Property was, until recently, owned by an entity known as Pitcairn Skymark, LLC. (*Id.*) That entity was in turn 50% owned by Defendant Ridgefield Park Office Complex ("RPOC") and 50 percent by an independent investor. (*Id.*) Until recently, Wiltshire owned a 50% interest in RPOC. Katz owns an overwhelming majority interest in Wiltshire. (*Id.*) After conducting a title search on the Property, Plaintiff discovered the presence of a mortgage on the property, in favor of Katz and Wiltshire, in the amount of $8.5 million. (*Id.*) The Mortgage references a Settlement Agreement and Mutual Release between a variety of parties including an entity known as Brickhouse Partners, LLC ("Brickhouse"), Wiltshire, Katz, RPOC, and others. (*Id.*)

In 2012, RPOC and its part-owner, Brickhouse, filed an action in equity against Katz and Wiltshire concerning the management of RPOC and the Property. (*Id.*) In or around October 2013, the action was resolved by way of Settlement agreement. (*Id.*) The Settlement between

RPOC/Brickhouse and Katz/Wiltshire called for the total sum of $9 million to be paid to Katz/Wiltshire in exchange for their interests in the Property. (*Id.*) Katz/Wiltshire were paid $500,000 up front and were granted a mortgage on the Property for the remaining $8.5 million. (*Id.*) RPOC/Brickhouse intended to pay the $8.5 million to Katz/Wiltshire and did in "early fall" of this year, 2014. (Pl. Br. at 5; Def. Opp. at 3).

Plaintiff asserts that LRI, through its principles, including Katz, borrowed substantial sums of money from Plaintiff pursuant to a revolving credit arrangement whereby LRI was supposed to collateralize the loans. LRI used these funds to invest in real estate projects, but failed almost entirely to collateralize the debt owed to Plaintiff. With knowledge that the debt was not collateralized, Katz and others directly participated in actions that encumbered the properties that were supposed to serve as collateral for Plaintiff. Plaintiff alleges that it is the specific failure to properly collateralize debt owed by LRO and its affiliates that has led directly to Plaintiff's losses. The many LLC's created in connection with LRI and its investments are so complex that it further complicates Plaintiff's path of inter-company lending and contributions.

## II. LEGAL STANDARD

A constructive trust is an equitable remedy and not a cause of action in and of itself. *See Flanigan v. Munson*, 175 N.J. 597, 818 A.2d 1275, 1281 (2003); *Bergen–Eastern Pension Trust v. Sorensen*, No. BER–L–7669–03, 2007 WL 283440, at *2 n. 3 (N.J.Super. Ct.App. Div. Jan 11, 2007). Courts in New Jersey have traditionally applied a two-part test when determining whether a constructive trust is an appropriate remedy. *D'Ippolito v. Castoro*, 51 N.J. 584, 589 A.2d 617 (1968). There must be a showing of (1) a wrongful act, which (2) resulted in an unjust enrichment. The essential element for the imposition of a constructive trust is unjust enrichment. *See Stewart v. Harris Structural Steel Co., Inc.*, 198 N.J.Super. 255, 265, 486 A.2d 1265

3

(App.Div.1984). Moreover, "it is also well settled in New Jersey that all that is required to impose a constructive trust is a finding that there was some wrongful act, usually, though not limited to fraud, mistake, undue influence... which has resulted in a transfer of property." *In re Delauro*, 207 B.R. 412, 415 (Bankr.D.N.J.1997) citing *D'Ippolito*, 51 N.J. 584, 589, 242 A.2d 617 (1968). A constructive trust may arise even though the acquisition of the property was not wrongful where the retention of the property results in an unjust enrichment of the person retaining it. See *D'Ippolito*, 51 N.J. at 589, 242 A.2d 617.

The New Jersey Uniform Fraudulent Transfer Act ("UFTA"), expressly recognizes the availability of equitable remedies against debtors who engage in fraudulent transfers. *See* N.J.S.A. §25:2-29. Courts have found the following remedies available for creditors:

> "(1) Avoidance of the transfer or obligation to the extent necessary to satisfy creditors claim…(3)(a) An injunction against further disposition by the debtor or transferee, or both, of the asset transferred or of other property of the transferee; or (c) Any other relief the circumstances may require."

*Id.*

"The purpose of the fraudulent conveyance statute is to prevent insolvent debtors from placing their property beyond the reach of creditors while at the same time enjoying the benefits thereof." *United States v. Jones*, 877 F. Supp. 907, 916 (D.N.J. 1982). Courts may impose equitable remedies, such as a constructive trust in connection with fraudulent transfer claims. *See In re Halpert & Co., Inc.*, 254 B.R. 104, 120 (Bnkrtcy.D.N.J. Feb 25, 1999).

### III. DISCUSSION

Plaintiff requests that the Court impose a constructive trust in order to preserve the status quo and protect Plaintiff's ability to collect if it is successful in obtaining a judgment against Katz and/or Wiltshire. Plaintiff relies on *D'Ippolito* for the proposition that while fraud might

satisfy the first prong of the two part test, a "wrongful act" may also be defined as fraud, mistake, undue influence, or breach of a confidential relationship which resulted in the transfer of property. Plaintiff notes that Katz and Wiltshire failed to collateralize the debt owed to Plaintiff. Then, with knowledge of their failure, Katz and Wiltshire directly participated in acts that encumbered the property that was supposed to serve as collateral for the debt. Moreover, Plaintiff alleges that in 2003, Plaintiff extended loans, totaling in $2 million, directly to Wiltshire for the benefit of Katz and other members. Plaintiff alleges that these loans remain outstanding and by virtue of acquiring other members' interests in Wiltshire, Katz and/or Wiltshire is responsible for paying those loans. Plaintiffs assert that the Court should consider the transaction between RPOC/Brickhouse and Wiltshire/Katz as part of the myriad of alleged schemes and transaction that caused Plaintiff to be deprived of more than $18 million, therefore, satisfying the "wrongful act" prong of New Jersey's test.

Plaintiff relies on *In re First Interregional Advisors Corp.*, for the proposition that unjust enrichment, the kind that supports the imposition of a constructive trust under New Jersey law, when an individual retains money or benefits which, in justice and equity, belong to another. 218 B.R. 722 (Bkrtcy D.N.J 1997). Plaintiff argues that as a result of the fraudulent actions of Katz/Wiltshire, the Property is the only known asset owned directly or indirectly by LRI affiliates, that was acquired by Plaintiff's funds. Moreover, Plaintiff stresses that due to Defendants' actions, Plaintiff has been deprived of its interest in the Property. Plaintiff contends that to permit Katz and Wiltshire to take the proceeds of the sale would result in Katz and Wiltshire being unjustly enriched at Plaintiff's expense.

Defendant argues that Plaintiff's claims are unsubstantiated and are insufficient to impose a constructive trust. Defendant concedes that Plaintiff has cited the proper elements for

5

imposition of a constructive trust. However, Defendant argues that a constructive trust is not a provisional or preliminary remedy designed to preserve the status quo pending litigation of claims in an action. Defendant asserts beyond the inapplicability of a constructive trust, Plaintiff has also failed to meet its burden of submitting evidence of a wrongful act or unjust enrichment. Because at this stage of the proceedings no party has responded to Plaintiff's Second Amended Complaint, Plaintiff's allegations are only unsubstantiated allegations, rather than "clear, definite, unequivocal and satisfactory evidence." *Gray v. Bradley,* 1 N.J. 102, 104 (1948).

Second, Defendant cites to *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.,* for the proposition that the U.S. Supreme Court has expressly precluded the imposition of restrictions on the transfer of a defendant's assets merely to provide security to a plaintiff for an anticipated judgment. 527 U.S. 308, 333 (1999). Defendant furthers his argument by noting that the Supreme Court acknowledged that the requirement that the creditor obtain a prior judgment is a fundamental protection in debtor-creditor law. *Id.* at 330. Moreover, Defendant stresses that a preliminary junction should not be granted when the asset is cash and money damages are capable of making the plaintiff whole. Defendant asserts that because money damages are available may be the reason why Plaintiff has not moved for a preliminary injunction.

Finally, Defendant cites to Rule 64 of the Federal Rules of Civil Procedure, which positions that state law in which a federal court sits governs the application for a writ of attachment. Defendant states that a writ of attachment is inapplicable here, but even it were appropriate, Plaintiff has failed to meet its burden for any of the elements imposed under New Jersey law.

Plaintiff responds to Defendant's argument by distinguishing *Grupo*. Plaintiff argues that *Grupo* is limited to actions solely at law. Rather, Plaintiff contends that *Deckert v. Independence*

*Shares,* is the controlling authority when monetary damages and equitable relief are sought. Plaintiff points to language in *Grupo*, in which the Court distinguishes *Deckert* and notes that the preliminary injunctive relief allowed in *Deckert* "was a reasonable measure to preserve the status quo pending final determination of the questions raised by a suit in equity". Plaintiff states that this is precisely what it is seeking.

The Court finds it inappropriate to grant Plaintiff's motion for imposition of a constructive trust at this time. "[T]he suitability of imposing a constructive trust must be established by 'clear, definite, unequivocal and satisfactory evidence.'" *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 771-72 (D.N.J. 2013). Defendant has not yet answered or otherwise responded to Plaintiff's allegation in the Complaint. Defendant argues that all that is being offered are unsubstantiated allegations, to which Defendant has not had an opportunity to respond to. The Court agrees. The Court finds at this juncture that the statements of evidence offered by Plaintiff in its Brief in support of its motion do not rise to the level of "clear, definite, unequivocal and satisfactory evidence" as required by law. Therefore, the Court denies Plaintiff's motion for imposition of a constructive trust at this time.

## IV. CONCLUSION

For the reasons as set forth therein, the Court **denies** Plaintiff's motion for imposition of a constructive trust on the $8.5 million paid to Defendants Katz and Wiltshire from RPOC/Brickhouse.

An appropriate Order accompanies this Opinion.

DATE: November 6, 2014

/s/ Jose L. Linares
Jose L. Linares
United States District Judge