NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPITAL INVESTMENT FUNDING, LLC, | Civil Action No.: 08-4714 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| LANCASTER GROUP LLC, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Stuart Katz and Wiltshire Properties, LLC (collectively "Moving Defendants")'s Motion for Reconsideration of this Court's decision and Order dated August 18, 2015 ("Aug. 18, 2015 Order"), in which the Court denied Moving Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 386 (seeking reconsideration of ECF No. 385).) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Moving Defendants' Motion for Reconsideration.

## BACKGROUND[1]

Relevant to this motion is that on August 8, 2015, the Court denied Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 385.) On September 1, 2015, Moving Defendants' filed the instant Motion for Reconsideration, seeking reconsideration of that aspect of the Court's Opinion and Order which denied Moving Defendants' Motion to Dismiss the fraud, misrepresentation and negligence claims set forth in the second, third, fourth, fifth, sixth, and eighth counts of the Third Amended Complaint. (ECF No. 386 ("Mov. Br.").) Plaintiff filed opposition on October 2, 2015. (ECF No. 387 ("Opp. Br.").) The motion is now ripe for resolution.

## LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citations omitted).

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason*

---

[1] The underlying facts of this action are well known to the parties and not entirely relevant to the instant motion. Accordingly, the Court hereby incorporates the factual background from the Opinion dated August 8, 2015. (ECF No. 384 ("Aug. 18, 2015 Opinion") at 1-4.)

2

*v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). But the "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011) (citation omitted).

In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). "Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.* at 168. Indeed, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

## ANALYSIS

Moving Defendants move for reconsideration on the grounds that "[i]t appears that the Court overlooked that aspect of Movant's motion to dismiss the third amended complaint which argued that the fraud and misrepresentation claims asserted by [Plaintiff] therein are barred by the economic loss doctrine, or disregarded it on the mistaken ground that its application is not appropriate in the context of a motion to dismiss." (Mov. Br. at 2.) Moving Defendants assert that if the alleged misrepresentations underlying Plaintiff's fraud and misrepresentation claims are

3

intrinsic to the commercial agreements at issue, Plaintiff is precluded from expanding the scope of its contract claim, and its fraud and misrepresentation claims are properly dismissed pursuant to the economic loss doctrine. (*Id.*) Moving Defendants contend that

> [t]here are no misrepresentations or duties identified in the third amended complaint which are extraneous to the revolving credit loan agreement and revolving credit security agreement between CIF and LRI. Indeed, the overarching assertion of each of these counts is that the individual members of LRI allegedly misrepresented to CIF that the debt owed by LRI was properly collateralized, when in truth it was not. Because the obligation to collateralize the loan is intrinsic to the agreements, these claims are barred by the economic loss doctrine.

(*Id.* at 3.) Furthermore, Moving Defendants argue that Plaintiff "did not deny that the misrepresentations alleged in the Third Amended Complaint were intrinsic (*i.e.*, not extraneous) to the commercial agreements between the parties, and thus tacitly admitted to the application of the [economic loss] doctrine." (*Id.* at 6.) Accordingly, Moving Defendants request reconsideration on the grounds that "contrary to [Plaintiff's] contentions, and this Court's prefatory language in its Opinion, the economic loss doctrine is fully applicable in the context of a motion to dismiss" and applicable in these circumstances. (*Id.*)

Plaintiff opposes the motion, first arguing that the Court did not "overlook" or "disregard" the economic loss doctrine argument. (Opp. Br. at 2 (citing Aug. 18, 2015 Opinion at 9-10).) Alternatively, Plaintiff contends that its allegations of fraud and negligence in the relevant counts "do indeed involve tortious conduct that is extraneous to the underlying contract documents" and argues that the Third Amended Complaint "clearly, and in great detail, alleges a variety of conduct on the part of the Defendants that is independent of the performance of contractual duties but that serve as the basis for [Plaintiff's] tort claims." (*Id.* at 3, 4.) Accordingly, Plaintiff argues that "substantial disputes of material fact exist that preclude any definitive finding" on the application

4

of the economic loss doctrine at this stage of the litigation, and that "[t]he convoluted history of the parties herein, spanning more than a decade, makes it impossible to determine with certainty at this early stage whether Defendants' wrongdoing is entirety intrinsic to the contractual documents." (*Id.* at 5.) Plaintiff concedes that Moving Defendants have the right to move for summary judgment based upon the economic loss doctrine at the conclusion of discovery. (*Id.*)

The Court agrees with Plaintiff. Contrary to Moving Defendants' belief, the Court considered the economic loss doctrine when ruling on the motion to dismiss. (*See* Aug. 18, 2015 Opinion at 9-10 (acknowledging Moving Defendants' argument that the economic loss doctrine barred the fraud, misrepresentation and negligence claims set forth in the second, third, fourth, fifth, sixth, and eighth counts of the Third Amended Complaint.) The Court, however, determined that this argument was premature given the clear factual disputes surrounding its application: "The arguments may be sound but they are fraught with disputes over material facts and cannot be decided at this juncture of the litigation." (*Id.* at 10.) Although the Court did not explicitly analyze the application of the economic loss doctrine in light of the factual disputes, it was considered by the Court. *See Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011) ("The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration.") (citation omitted). The Court reiterates that discovery may ultimately prove Moving Defendants' contention that the economic loss doctrine applies here, but given the breadth of allegations in the Third Amended Complaint, the Court cannot definitively state prior to discovery that the doctrine indeed applies. Accordingly, the motion shall be denied.

## **CONCLUSION**

Mindful that reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly," *Friedman*, 2012 WL 3146875, at *2, the Court concludes that Moving Defendants have failed to demonstrate the need to correct a clear error of law to prevent manifest injustice. Accordingly, the Court denies Moving Defendants' Motion for Reconsideration. (ECF No. 386.) An appropriate Order accompanies this Opinion.

DATED: October 6, 2015

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE